IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAY E. GLENEWINKEL | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:21-cv-2524-E (BT) |
| | § | |
| M.D. CARVAJAL, ET AL. | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jay E. Glenewinkel, a federal inmate proceeding *pro se* and *in forma pauperis*, brings this civil rights action for alleged medical indifference to his serious medical needs. Pending before the Court is defendant Andrew Ratliff's motion to dismiss Glenewinkel's amended complaint under Federal Rule of Civil Procedure 12(b)(6) based on Ratliff's absolute immunity as a commissioned officer in the Public Health Service (PHS). ECF No. 38 at 1. As explained below, the Court should GRANT Ratliff's motion and DISMISS with prejudice Glenewinkel's *Bivens* claim for medical indifference against Ratliff—the only remaining claim in the litigation.

## Background

Glenewinkel filed this action against several Bureau of Prisons (BOP) employees in their official and individual capacities related to the medical care he received during his incarceration. *See generally* ECF Nos. 3, 11, 16, 18. Following judicial screening pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), the

Court accepted the findings, conclusions, and recommendation (FCR) of the United States magistrate judge and ordered that all of Glenewinkel's claims be dismissed except for an individual-capacity claim for deliberate indifference against Ratliff potentially arising under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]

As for the specifics of the surviving claim against Ratliff, Glenewinkel alleges that he told Ratliff—at various times identified as a "Nurse Practitioner" (ECF No. 3 at 9), "health care provider" (ECF No. 16 at 5), "medical staff member" (ECF No. 16 at 5), and "Health Care professional" (ECF No. 18-1 at 2)—about a wound on his right big toe and informed Ratliff that he is diabetic and his "entire right foot was swollen." ECF No. 16 at 5. But Ratliff refused to look at the wound, stating, "I don't care, it's not my problem. Go back to your unit." ECF No. 3 at 9; ECF No. 16 at 5. A doctor later ordered that Glenewinkel be taken to a hospital for his toe wound, and Glenewinkel elected to have part of his toe amputated. ECF No. 3 at 11. Glenewinkel allegedly continues to suffer the lingering effects of the toe amputation. ECF No. 3 at 14.

---

[1] Glenewinkel filed a complaint, an amended complaint, responses to a Magistrate Judge Questionnaire, and a Court-authorized supplemental pleading. ECF Nos. 3, 11, 16, 18. As explained in the FCR, the Court treated the amended complaint—as supplemented by the questionnaire responses and supplemental pleading—as the operative pleading for screening purposes. ECF No. 19 at 3. But it also reviewed the allegations in the original complaint and ordered all of Glenewinkel's pleadings be served on Ratliff. The Court did not enter a partial judgment pursuant to Federal Rule of Civil Procedure 54(b) at the time it issued the order accepting the FCR and dismissing all claims except for the claim against Ratliff. *See* Fed. R. Civ. P. 54(b).

On August 3, 2023, Ratliff filed a motion to dismiss Glenewinkel's amended complaint based on Ratliff's absolute immunity as a PHS officer. ECF No. 38. Glenewinkel filed a response. ECF No. 39. Ratliff filed a reply. ECF No. 40. Glenewinkel also filed two unauthorized sur-replies, which the Court has considered given his *pro se* status. ECF No. 41; ECF No. 43.

## Legal Standards

Because it does not affect this Court's subject-matter jurisdiction, Ratliff's absolute immunity defense is appropriately analyzed under Fed R. Civ. P. 12(b)(6). *See*, *e.g.*, *Geraci v. City of Austin*, 2020 WL 1644004, at *2 (W.D. Tex. Apr. 2, 2020) (citations omitted) (The Court's subject-matter jurisdiction . . . is not affected by the affirmative defenses of absolute or qualified immunity; rather, those defenses implicate whether Plaintiff states a claim on which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).").

When deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted).

To survive a Rule 12(b)(6) motion, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above

the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555).

This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id.* at 678 (citing *Twombly*, 550 U.S. at 557).

Generally, when deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "Documents attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Additionally, the Court can take judicial notice of matters of

public record when deciding a 12(b)(6) motion. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral argument in connection with the motion . . . are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

## Analysis

Ratliff argues that he, as a commissioned officer in the PHS, is absolutely immune from Glenewinkel's medical indifference claim pursuant to the Public Health Service Act.[2]

The Court agrees. That Act provides in pertinent part that:

---

[2] The Court previously assumed—for screening purposes—that Glenewinkel's medical indifference claim presented a cognizable claim under *Bivens*. FCR 13 (ECF No. 19). Although he posits that Glenewinkel's claim is likely not cognizable because it likely presents a "new [*Bivens*] context]," Ratliff insists the Court "need not reach a conclusion on the question of the 'new *Bivens* context' issue or the merits of Glenewinkel's allegations" because "Ratliff, as a PHS officer at all times relevant to this litigation, is absolutely immune from any constitutional claim asserted by Glenwinkel related to the provision of medical services." ECF No. 38 at 3-4, n.2.

> The remedy against the United States provided by sections 1346(b) and 2672 of title 28 [. . .] for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, including the conduct of clinical studies or investigation, by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 U.S.C. § 233(a).

And, on the basis of that unambiguous language, in *Hui v. Castaneda*, 599 U.S. 799, 805-06 (2010), the Supreme Court held that "Section 233(a) grants absolute immunity to PHS officers and employees for actions arising out of the performance of medical or related functions within the scope of their employment by barring all actions against them for such conduct." The Court specifically ruled that Section 233(a) bars *Bivens* claims against PHS officers and employees. *Id.* at 806.

Here, while the pleadings are unclear as to Ratliff's PHS status at the time of the pertinent events[3], Glenewinkel admits in his briefing that Ratliff was a PHS officer at the time of the alleged deliberate indifference, and the Court can

---

[3] Ratliff attached personnel orders showing that he was assigned to duty as a PHS officer at FCI Seagoville at the time of the encounter with Glenewinkel. *See* ECF No. 38-1 at 2-3. But these documents are not referenced in Glenewinkel's pleadings; nor are they central to his claims. *See Lone Star Fund V (U.S.) v. Barclays Bank, PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (noting that, for purposes of the 12(b)(6) analysis, the court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint"). Regardless, as explained above, even without considering the personnel orders, it is undisputed that Ratliff was a PHS officer at the time of the relevant events.

consider that concession for 12(b)(6) purposes. *See, e.g.,* ECF No. 39 at 5 ("Ratliff, along with other members of the Public Health Services acted with deliberate indifference toward Glenewinkel's serious medical needs."); *see also Turnage*, 671 F. App'x at 309 ("The district court thus did not violate the Rules of Civil Procedure when it relied on the Turnages' representations in their briefing in order to decide the motion briefed. Likewise, the court did not improperly weigh the evidence against the Turnages when it accepted as true their own statements to the court."); *Hicks v. PGA Tour, Inc.*, 897 F.3d 1109, 1117-18 (9th Cir. 2018) ("Here, the district court did not consider any matters requiring conversion under Rule 12(d). The Caddies' concession in their motion to dismiss briefing that 'the PGA Tour has required caddies to wear bibs for decades' was appropriate to consider when ruling on the Rule 12(b)(6) motion.").

And Glenewinkel alleges that the purpose of his encounter with Ratliff was to receive medical treatment for a wound on his right big toe, so Ratliff was acting within the scope of his employment or office as a PHS medical professional. ECF No. 18-1 at 2-3; *see also Weeks v. Barkman*, 2021 WL 4146001, at *2 (D. Colo. Sept. 13, 2021) (finding that PHS immunity applied and noting that "[b]ecause Barkman and Dyer's alleged action and inaction were related to plaintiff's medical care, the Court finds that they were acting within the scope of the employment") (citing *Hui*, 559 U.S. at 811); *Trap v. United States*, 2016 WL 6609212, at *2 (C.D. Cal. Mar. 7, 2016) (finding allegations related to medical care PHS defendant did or did not provide was within scope of employment).

7

In a belated response brief, Glenewinkel argues that Ratliff was not acting within the scope of his office or employment as a PHS officer because "refusing to give any form of medical treatment" falls outside the scope of his professional duties. ECF No. 43 at 1. But courts find that the scope-of-employment inquiry is met when "the alleged action *and inaction* were related to plaintiff's medical care." *See*, *e.g.*, *Weeks*, 2021 WL 4146001, at *2 (emphasis added) (citing *Hui*, 559 U.S. at 811); *Pitts v. Fed. Bureau of Prisons*, 2021 WL 849812, at *3 (D. Colo. Feb. 16, 2021); *Trap*, 2016 WL 6609212, at *2). Put differently, the question is whether the action or inaction that the plaintiff is complaining about occurred in the context of a medical encounter or providing medical care. That is undoubtedly the case here. Glenewinkel claims that he went to Ratliff, as a medical professional, for medical care, but Ratliff failed to provide any. Because Ratliff's alleged inaction was related to Glenewinkel's medical care, Ratliff, as a PHS officer, is entitled to immunity.

Glenewinkel also rehashes his deliberate indifference allegations and arguments. *See*, *e.g.*, ECF No. 39 at 3-8. But the adequacy of his deliberate indifference allegations is irrelevant. Even assuming Glenewinkel could otherwise state a *Bivens* deliberate indifference claim under these facts, Section 233 forbids it. The exclusive remedy is against the United States under the Federal Tort Claims Act.

In sum, Ratliff, as a PHS officer acting within the scope of his employment in performing a medical-related function is immune from Glenewinkel's

individual-capacity deliberate indifference claim, which is the only claim remaining in this litigation. *See*, *e.g.*, *Jenkins v. United States*, 733 F. App'x 218, 219 (5th Cir. 2018) (per curiam) ("As to the *Bivens* claim against Dr. Anthony Chambers, the district court correctly noted that Chamber's undisputed status as an employee of the U.S. Public Health Service afforded him absolute immunity.") (citing *Hui*, 559 U.S. at 812).[4]

Notwithstanding the failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004). However, a court may appropriately dismiss an action with prejudice without giving further opportunity to amend if amendment would be futile. As explained, that would be the case here, as Section 233(a) bars Glenewinkel's claim, so leave to amend is not warranted. *See*, *e.g.*, *Stripling v. Jordan Prod.*

---

[4] In one of his sur-replies, Glenewinkel claims that Ratliff's conduct violated other federal statutes, regulations, and policies in addition to the Eighth Amendment. *See* ECF No. 41 at 2. But Section 233 bars such claims because the exclusive remedy for damage from a PHS officer's performance of "medical . . . related functions[. . .] while acting within the scope of his office or employment," is an FTCA claim against the United States. *See* 42 U.S.C. § 233(a).

*Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) ("It is within the district court's discretion to deny a motion to amend if it is futile.") (citation omitted).

## Recommendation

The Court should GRANT Ratliff's motion to dismiss (ECF No. 38), DISMISS with prejudice Glenewinkel's individual-capacity deliberate indifference claim against Ratliff, enter a final judgment dismissing all of Glenewinkel's claims against all the defendants, and close this case.

October 18, 2023.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).